IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE SCRUGGS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:13-CV-1135-NJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is a petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 filed by Petitioner Dwayne Scruggs ("Scruggs"). (Doc. 1). Scruggs asserts two grounds for relief: (1) ineffective assistance of counsel by failing to "'properly' object to, and appeal, the legality of his warrantless arrest and subsequent warrantless search of his home…"; and (2) ineffective assistance of counsel for failing to appeal the voluntariness of his guilty plea and waiver. (Doc. 1, at p. 4).

The petition and reply submitted by Scruggs are composed almost exclusively of legal conclusions. (*See* Docs. 1; 6). The few factual assertions Scruggs did provide were done so with little to no evidentiary support. While the documents provided enough information to survive a Rule Four preliminary review, numerous questions remained that prevented a final decision on the petition. To address these questions, the Court, in accordance with Rule Seven of the Rules Governing Section 2255 Proceedings, instructed

Scruggs to submit an additional affidavit supporting his position.[1] (Doc. 11.)

The Court provided the following guidance to assist Scruggs in composing a valid affidavit in support of his position:

> Any affidavit[s] provided must set forth only the specific details as they relate to the arrest of the petitioner and the search of his home; be sworn under penalty of perjury; must be based on the personal observations or recollection of the person swearing to the truth of the facts asserted; and, they should not reference case law or make legal conclusions.

(Doc. 11).[2]

Scruggs was explicitly warned that failing to provide the affidavit by the provided deadline "**MAY RESULT IN DISMISSAL OF THE PETITION WITH PREJUDICE**." *Id.*

Despite this warning, Petitioner Scruggs provided no affidavit or evidence to support his claim. In place of an affidavit, Scruggs provided an unsworn letter to the Court on February 22, 2017. (Doc. 15). In that letter, Scruggs expressly states that he will not be providing an affidavit in support of his claim out of fear of being prosecuted for perjury. *Id.* at p. 2. Scruggs asserts that he is close to getting out of prison and that an affidavit would be pointless because law enforcement will simply lie about the facts. (Doc. 15, at p. 2). In addition to his refusal to comply with the Court's Order, it appears from the remainder of the letter that Scruggs wishes to abandon his claim.

---

[1] In the same minute Order, the Government was likewise instructed to file an affidavit supporting its assertions. (Doc. 11). The Government requested an extension of the February 20, 2017 deadline, which the Court granted on February 15, 2017. (Docs 12; 13). A timely affidavit was subsequently filed by the Government on March 3, 2017. (Doc. 16). While the Government phrased the filing as a request for leave to supplement the record, the affidavit was provided at the direction of the Court. (Doc. 16, at p. 1). Accordingly, the request is **DENIED as moot**.

[2] Docket entry 11 incorrectly stated that Scruggs's petition asserted one ground for relief instead of the two grounds listed therein. This scrivener's error in no way prejudiced Scruggs or influenced the Court's determination.

Scruggs's initial filing and reply do not allege a sufficient factual basis under which the Court could resolve the issues presented in his petition. The Court alerted Scruggs to this problem and provided specific instructions for curing the defects. To ensure he understood the severity of the defects, the Court warned Scruggs of the consequences in failing to provide the required information. Scruggs did not reply by asserting that the Court possessed sufficient information to render a decision, rather he affirmatively declined to provide any additional information citing the futility of such an effort.

A successful ineffective assistance of counsel claim requires showing both that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Without supported factual claims, Scruggs has not alleged a basis that could meet the showings required under *Strickland*.

The vast majority of the information provided in the petition and reply is nothing more than legal conclusions and citations to case law. The few factual assertions within the documents are either unsupported by valid evidence or they fail to provide enough information for the Court to assess the validity of the claims. In light of Scruggs's declination to provide additional evidence, it is impossible for the Court to grant relief. Accordingly, for the reasons set forth above, Scruggs's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke*, 542 U.S. 274, 281 (2004)); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set forth above, the Court has determined that no reasonable jurist could grant relief given the sparse record before this Court. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

DATED: March 7, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**